| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |
| | | |
| MANDY L. LoCASTRO, | ) | CAUSE NO: |
| | ) | |
| Plaintiff, | ) | 02D01-15 02-01-000056 |
| | ) | |
| v. | ) | |
| | ) | |
| FAMILY DOLLAR STORES | ) | |
| OF INDIANA, L.P. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Mandy L. LoCastro ("LoCastro"), for her causes of action against Family Dollar Stores of Indiana, L.P. ("Family Dollar") states and alleges as follows:

I.

### INTRODUCTION

1. This lawsuit arises from LoCastro's termination from employment by Family Dollar on or about February 19, 2014 and then again on March 20, 2014 after sustaining a work-related injury due to no fault of her own on January 8, 2014. LoCastro asserts Family Dollar terminated her in retaliation for getting injured on the job and seeking to exercise her rights to benefits under the Indiana Worker's Compensation Act. LoCastro also asserts that Family Dollar discriminated and retaliated against her in violation of the Americans with Disabilities Act Amendments Act of 2008. LoCastro is also bringing this action against Family Dollar because she contends it violated the Family Medical Leave Act ("FMLA") when it failed to offer her FMLA leave for which she was otherwise eligible. As a direct and responsible cause of Family Dollar's conduct, LoCastro has

-1-

suffered and continues to suffer damages. LoCastro seeks all appropriate legal and equitable relief including back pay, front pay, damages for the loss of fringe benefits including health insurance, compensatory damages, punitive damages and attorneys' fees.

## II.

## PARTIES

2.   LoCastro is an individual citizen and resident of Fort Wayne, Allen County, Indiana.

3.   Family Dollar is a domestic limited partnership organized and existing under and by virtue of the laws of the State of Indiana with businesses located in Allen County, Indiana and a distribution center located in Ashley, DeKalb County, Indiana.

## III.

## JURISDICTION AND VENUE

4.   This Court has both personal and subject matter jurisdiction because this lawsuit involves state laws and federal laws that provide for concurrent jurisdiction and the parties are citizens of the State of Indiana. Allen County is the appropriate venue because it is the county where Family Dollar has places of business.

## IV.

## STATEMENT OF FACTS

5.   On or about April 16, 2012, LoCastro began her employment with Family Dollar as a Receiving Checker at its distribution center located in Ashley, DeKalb County, Indiana.

6.   On or about January 8, 2014, LoCastro was working at a Family Dollar when she tripped on a pallet and injured her back and left foot.

7. After reporting the work-related injury to Area Manager Sean Gleason, LoCastro received medical treatment and was assigned work restrictions.

8. Initially, Family Dollar accommodated LoCastro's work restrictions, however, these accommodations only lasted a few days and then management placed LoCastro on a job outside her work restrictions (they returned her to her regular job with regular duties) and LoCastro complained to the worker's compensation insurance company for Family Dollar.

9. After complaining that Family Dollar was not abiding by the assigned work restrictions, Family Dollar tried blaming LoCastro for the work-related injury and accusing her of choosing to get injured. A few days later, Family Dollar issued LoCastro a write up for getting injured on the job and said that it was placing her on six months probation. LoCastro disagreed with the write up and did not sign it.

10. Specifically, Department Manager Vivetta Segoria and Area Manager Sean Gleason called LoCastro into the office and confronted her about reporting Family Dollar's non-compliance to the worker's compensation insurance company. Both managers were visibly upset with LoCastro for insisting that Family Dollar abide by the work restrictions assigned by the doctor.

11. On or about February 6, 2014, Dr. Karr at ONE discovered that LoCastro had a stress fracture in her left foot (from the January 8, 2014 work-related injury). Because she felt so intimidated by her managers about the whole ordeal, instead of notifying her managers and worker's compensation representatives, she followed the Team Member Handbook Procedure and requested and was approved for four weeks of medical leave. Shortly later, Charlene Swank ("Swank") from Family Dollar's Human Resources Department called and terminated LoCastro because, according to Swank, LoCastro was not eligible for any leave. Approximately two days later (after having

-3-

complained of the termination) Family Dollar notified LoCastro that she was in fact eligible for the leave and that she was not terminated.

12. During this time period, LoCastro continued to receive treatment for her work-related injuries. Near the end of her four week leave, LoCastro applied for additional leave because her foot and back injuries had not healed and was denied additional leave because according to Family Dollar, she was out of leave. On March 20, 2014, LoCastro was terminated (for the second time) prior to being released from treatment by the doctors for her work-related injuries.

13. Prior to her termination, in accordance with Family Dollar's policy, LoCastro submitted all necessary and required medical documentation from her doctors supporting her claim for medical leave.

14. Prior to sustaining and reporting the work-related injury on January 8, 2014, LoCastro was not having any problems with her job or her supervisors, however, after reporting the injury she noticed a complete change in their attitude and treatment toward her.

15. As a direct and proximate result of her unlawful termination from employment, LoCastro has suffered damages.

V.

## STATEMENT OF CLAIMS

### COUNT 1 – *Frampton* Retaliatory Discharge Claim

16. LoCastro incorporates by reference paragraphs 1 through 15 as if same were fully set forth herein.

17. LoCastro contends that she was terminated because she sustained and reported a work-related injury January 8, 2014. LoCastro also contends she was retaliated against for having

-4-

complained to the worker's compensation insurance company that Family Dollar was not following the work restrictions assigned to LoCastro by her doctors.

## COUNT II – ADA Violations

18. LoCastro incorporates by reference paragraphs 1 through 17 as if same were fully set forth herein.

19. In the alternative, LoCastro asserts that she was discriminated and retaliated against in violation of the Americans with Disabilities Act Amendments Act of 2008.

20. After sustaining the serious injuries on January 8, 2014, Family Dollar perceived LoCastro as disabled and failed to engage in any type of interactive process to attempt to reasonably accommodate any disability LoCastro had or which Family Dollar perceived LoCastro had.

## COUNT III – FMLA Violations

21. LoCastro incorporates by reference Paragraphs 1 through 20 as if same were fully set forth herein.

22. LoCastro asserts that her discharge was in violation of the FMLA in that she was entitled to FMLA leave because she had a serious health condition that made her unable to perform the functions of her job and Family Dollar knew LoCastro was eligible for FMLA leave and it failed to offer LoCastro the leave owed to her under the FMLA.

23. Family Dollar's failure to adhere to its obligations under the FMLA constituted an unlawful violation/interference under the FMLA.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Mandy L. LoCastro, requests the following relief:

1. An order of the Court granting judgment in her favor;

2. An award of damages sufficient to compensate her for her losses including, but not limited to the following:

   a. back pay;

   b. front pay;

   c. liquidated damages, if appropriate;

   d. compensatory damages to compensate her for her embarrassment, humiliation, and emotional distress;

   e. punitive damages, if appropriate;

3. Pre-judgment interest;

4. Costs of this action;

5. Reasonable attorney's fees;

6. Any and all other relief appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mandy L. LoCastro, and hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

*THEISEN & ASSOCIATES, LLC*

*[signature]*

John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
Alex S. Schreiber (31503-64)
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
*ATTORNEYS FOR PLAINTIFF*